# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO.: 12-609 ) ) |
| v. | ) ) ) COMPLAINT |
| O'REILLY AUTOMOTIVE STORES, INC. D/B/A O'REILLY ATUO PARTS, | ) ) ) |
| Defendant. | ) ) ) JURY TRIAL DEMAND ) |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "EEOC" or the Commission") brings this action against O'Reilly Automotive Stores, Inc., d/b/a O'Reilly Automotive Parts ("O'Reilly) pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct O'Reilly's unlawful employment practices on the basis of race, and to provide appropriate relief to Thurman Simmons ("Simmons") who was adversely affected by such practices.  As alleged in paragraph seven below, the Commission alleges that O'Reilly subjected Simmons, an African American, to a racially hostile work environment and retaliated against him after he complained of harassment based on race.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Cincinnati Division.

## PARTIES

3.	Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.	Defendant, O'Reilly, at all relevant times has been a company doing business in the State of Ohio and the City of Cincinnati, and has continuously had at least fifteen (15) employees.

5.	At all relevant times, O'Reilly has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Simmons filed a charge with the Commission alleging violations of Title VII by O'Reilly. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Thurman Simmons began his employment with O'Reilly in October of 2010. During his employment O'Reilly subjected Simmons to a racially hostile work environment and retaliated against him after he complained of the harassment.

    a. The racially hostile work environment includes, but is not limited to: racially offensive name calling and language; different treatment as compared to non African American employees; threats of physical harm; and, exposure to racist graffiti in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

    b. After Simmons complained about the harassment and filed a charge of discrimination, O'Reilly retaliated against him, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by transferring, involuntarily, to another store location.

8. The effect of the practice complained of in paragraph seven above has been to deprive Simmons of equal employment opportunities and to otherwise adversely affect his employment status because of his race.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to Simmons' federally protected rights.

**PRAYER FOR RELIEF**

  **WHEREFORE**, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining O'Reilly, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on race.

  B. Order O'Reilly to institute and carry out policies, practices, and programs which effectuate the equal treatment of its employees in the terms and conditions of their employment and which eradicate the effects of its past and present unlawful employment practices based on race.

  C. Order O'Reilly to make whole Simmons by providing him compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above in amounts to be determined at trial.

  D. Order O'Reilly to make whole Simmons by providing him compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

  E. Order O'Reilly to pay Simmons punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

   s/ Laurie A. Young
LAURIE A. YOUNG
Regional Attorney

s/ Michelle Eisele
MICHELLE EISELE
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

s/ Kenneth W. Brown
KENNETH W. BROWN
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Louisville Area Office 600 Martin Luther King, Jr. Place Suite 268
Louisville, Kentucky 40202-2285
(502) 582.5440 (Direct Dial)
(502) 582.5435 (Facsimile)
E-mail: Kenneth.Brown@eeoc.gov